UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:08CR2-PPS |
| ) | |
| RONALD SEALS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On September 3, 2008, Ronald Seals pled guilty to two counts of bank robbery and one count charging the use of a firearm during and in relation to a bank robbery. [DE 142]. Seals was later sentenced to an aggregate prison term of 154 months, to be followed by a three-year term of supervised release. [DE 297 at 2, 3]. The judgment also imposes a restitution obligation in the amount of $20,880.00, which Seals owes jointly and severally with various co-defendants. [*Id.* at 6-7]. The judgment has this to say about when and how the restitution is to be paid:

> The restitution shall be paid in full immediately. In the event that the restitution can not be paid in full, the remaining restitution shall be paid at a minimum rate of $40.00 per month commencing 30 days after placement on supervision until said amount is paid in full.
>
> The defendant shall make restitution payments from any wages earned in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

*Id.* at 7.

Writing from the federal prison where he is serving his term, Seals contends that the judgment "was worded wrong" and asserts that he is not supposed to be required to make restitution payments until 30 days after his release on supervision. [DE 433.] Four of Seals' co-defendants have already gotten relief from similar language originally included in their judgments [DE 359, 388, 416, 421], and word has reached Seals that I have been convinced that the Inmate Financial Responsibility Program language was in fact error. Apparently, prison authorities are acting on the basis of the judgment's provision for restitution payments being taken from prison wages in accordance with the IFRP. Seals represents that the prison is seeking payments from him at a rate of $191.00 per month when the wages from his prison job don't total that amount in a whole year. [DE 433.]

As I said in those earlier orders, the authority of sentencing courts to amend a sentence previously imposed is very limited. But in this instance, I find two bases for modifying the judgment to delete the requirement of restitution payments being made from any prison wages via the IFRP. First, 18 U.S.C. §3664(k) authorizes a sentencing court to adjust a restitution payment schedule when the court is notified of a material change in a defendant's economic circumstances, "as the interests of justice require." Second, the judgment's inclusion of the requirement of payments from any prison wages pursuant to the IFRP was plain error, as explained in subsequent decisions of the Seventh Circuit Court of Appeals.

Federal inmates' participation in the Inmate Financial Responsibility Program is voluntary: "an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP, but the inmate's participation cannot be compelled." *United States v.*

*Boyd*, 608 F.3d 331, 334 (7th Cir. 2010). The Seventh Circuit therefore found a judgment requiring participation to be erroneous:

> The court overstepped its bounds when it ordered [defendant] to participate in the IFRP. We conclude that this error was plain. That term of the judgment cannot be enforced as written, and the Bureau of Prisons cannot look to it as authority for compelling [defendant] to participate in the IFRP. [Defendant's] participation, like that of all imprisoned defendants, must remain voluntary, though subject to the loss of privileges identified in 28 C.F.R. §545.11(d).

*Id.* at 335. *See also United States v. McKnight*, 665 F.3d 786, 795 ("We have held that the IFRP is a voluntary program, and, therefore, an order compelling an inmate's participation is plain error."); *United States v. Munoz*, 510 F.3d 989, 997 (7th Cir. 2010). I now realize I erred in including the provision about wage payments under the IFRP in Seals' judgment. And on the strength of Seals' motion, I conclude that his limited financial resources while in prison do not reasonably support a requirement of monthly payments toward restitution while he is incarcerated. Seals' letter has been construed as a motion to amend or correct the judgment, and I will grant the motion for modification of the terms applicable to restitution, and order that Seals is not required by the judgment to make restitution payments while serving his prison term.

ACCORDINGLY:

Defendant Ronald Seals' motion in letter format to amend/correct the J&C [DE 433] is GRANTED pursuant to 18 U.S.C. §3664(k). Seals is not required to make payments toward his restitution obligation while imprisoned, and minimum monthly payments are required to commence 30 days after his placement on supervision, as provided for in the Judgment dated June 15, 2009 [DE 297 at 7].

In addition to the copy to be served upon defendant Seals, the Clerk shall provide a copy of this order to the Warden of the Bureau of Prisons institution where Seals is currently incarcerated.

**SO ORDERED**.

ENTERED: October 28, 2014

s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT
